IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| BRANDON CALLIER, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | EP-21-CV-23-KC |
| SUMMIT HORIZON FINANCIAL SERVICES, LLC, a Georgia Limited Liability Company; and MORRIS LOBE, | § § § § § § | |
| Defendants. | § § § | |

### ORDER

On this day, the Court considered Plaintiff's Motion to Strike Defendants' Motion to Dismiss or in the Alternative, to Transfer ("Motion"), ECF No. 7. Upon due consideration, the Motion is **GRANTED**.

On April 20, 2021, Defendant Morris Lobe filed a Motion to Dismiss, or in the Alternative, to Transfer ("Motion to Dismiss"), ECF No. 6. The motion requests relief on behalf of Defendant Summit Horizon Financial Services ("Summit"), a limited liability company organized and existing under the laws of Georgia, but is signed by Defendant Lobe, a natural person not admitted to practice law in Texas or in any other state. *See id.* at 2; Motion at 2. It is well established, however, that "business associations may appear in federal court only through a licensed attorney." *Precision Builders, Inc. v. Olympic Grp., L.L.C.*, 642 F. App'x 395, 397 (5th Cir. 2016) (citing *Memon v. Allied Domecq QSR,* 385 F.3d 871, 873 (5th Cir. 2004)); *see Mota v. Beacon Bay Asset Mgmt., LLC*, No. 3:17-CV-1862-N-BN, 2018 WL 3626343, at *1 (N.D. Tex.

June 19, 2018) (applying the rule to limited liability companies), *report and recommendation adopted,* No. 3:17-CV-1862-N-BN, 2018 WL 3617959 (N.D. Tex. July 30, 2018).  While "the appropriate measure for a judge to take when confronted with an unrepresented corporation is inherently discretionary," *Memon*, 385 F.3d at 873, courts have authorized several measures: "admonish the corporation that it cannot proceed without counsel, order the corporation to retain counsel within a certain period of time (the appropriate amount of time also being within the judge's discretion)," *id.* at 873 n.5, strike the defenses of the unrepresented association or, after appropriate warning, enter default judgment against it, *see Barnett v. A S & I, LLC,* No. 3:13-CV-2464-BN, 2014 WL 1641905, at *1 (N.D. Tex. Apr. 24, 2014) (citing, *inter alia*, *Donovan v. Rd. Rangers Country Junction, Inc.*, 736 F.2d 1004, 1005 (5th Cir. 1984)).

   Accordingly, it is hereby **ORDERED** that the Motion to Dismiss, ECF No. 6, is hereby **STRICKEN** in its entirety, without prejudice to refiling.  *See* Fed. R. Civ. P. 12(f).  Defendant Summit Horizon Financial Services is hereby **WARNED** that it cannot proceed without counsel, and that failure to retain counsel may result in adverse consequences, including default judgment against it.

   **SO ORDERED**.

   SIGNED this 23rd day of April, 2021.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE